**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MAKAYLA MILLER,

       Plaintiff,                                          Case No.
                                                          Hon.

vs.

FALLS LAKE NATIONAL INSURANCE
COMPANY, a foreign insurance corporation,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a foreign insurance corporation,
ILLINOIS BLUE CROSS BLUE
SHIELD INSURANCE COMPANY, d/b/a
BLUE CROSS BLUE SHIELD OF ILLINOIS,
YANFENG US AUTOMOTIVE INTERIOR
SYSTEMS I LLC, a foreign corporation,
and YANFENG US AUTOMOTIVE INTERIOR
SYSTEMS II LLC a foreign corporation,

       Defendants.
_____
JEFFREY A. BUSSELL (P65353)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Hwy.
Farmington Hills, MI  48334
248-353-7575; Fax 248-254-8083
jbussell@michiganautolaw.com
_____

## **COMPLAINT**

    There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

1

**NOW COMES** the Plaintiff, MAKAYLA MILLER (hereinafter referred to as "MILLER"), by her attorneys, MICHIGAN AUTO LAW, P.C., and for the Complaint against Defendants, states as follows:

### Nature and Action and Jurisdiction

1. This is an action to:

   A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et. seq.;

   B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2. This Court has jurisdiction over plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

### Parties and General Allegations

5. Plaintiff, MILLER, is a beneficiary of the YANFENG AUTOMOTIVE INTERORS HEALTH PLAN (hereinafter referred to as the "PLAN") of Defendant employer, YANFENG US AUTOMOTIVE INTERIOR SYSTEMS I LLC, and/or YANFENG US AUTOMOTIVE INTERIOR

SYSTEMS II LLC (hereinafter collectively referred to as "YANFENG"), through MILLER's father's employment with YANFENG, administered by Defendant, ILLINOIS BLUE CROSS BLUE SHIELD INSURANCE COMPANY, doing business as BLUE CROSS BLUE SHIELD OF ILLINOIS (hereinafter collectively referred to as "BLUE CROSS"), and is also insured under an automobile insurance policy through FALLS LAKE NATIONAL INSURANCE COMPANY, (hereinafter referred to as "FALLS LAKE") and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM), providing coverage under the Michigan No-Fault Act.

6. Through her father's employment with YANFENG, MILLER is provided with medical insurance benefits.

7. The PLAN is a self-insured, welfare benefit plan administered under the terms of ERISA for the benefit of YANFENG employees and their families, including beneficiaries living in Michigan.

8. Defendants, FALLS LAKE and STATE FARM, are foreign insurance companies that provides insurance coverage to Michigan residents under policies sold throughout Michigan.

**Factual Background**

9. MILLER, was involved in a motor vehicle collision on November 15, 2019, in Augusta Township, Michigan, in which MILLER sustained serious

3

injuries which arose out of the ownership, operation, maintenance and/or use of a motor vehicle as a motor vehicle within the meaning of defendants' AAA and FALLS LAKE's insurance policies and the statutory provisions of the Michigan No-Fault Act, being MCLA 500.3101, et. seq.

10. MILLER suffered, amongst other injuries, injury to her head, spine, femurs, legs and ankles, requiring multiple surgeries, as well as injuries to other parts of her body, externally and internally.

11. At all material times, MILLER was entitled to health benefits provided by the PLAN in which she was a participant.

12. At all material times, the PLAN was a welfare plan that was administrated BLUE CROSS.

13. At all material times the plaintiff was covered for Michigan No-Fault personal protection insurance (also referred to as "PIP") benefits through an automobile policies of insurance issued by AAA and FALLS LAKE, which provides for payment of all allowable expenses for MILLER' medical care, recovery and rehabilitation in accordance with M.C.L. § 500.3107 BLUE CROSS was aware or informed or had express/implied knowledge of the AAA and FALLS LAKE coverages.

14. In accordance with the terms of the Plan, sponsored by YANFENG and administrated by BLUE CROSS, numerous and substantial expenses for

MILLER's medical care and treatment, surgery, hospitalization and rehabilitation necessitated by the injuries MILLER suffered in the March 24, 2017, motor vehicle accident were paid by or on behalf of the PLAN and/or YANFENG.

15. Under the Michigan No-Fault Act, pursuant to MCL 500.3135, MILLER, is specifically prohibited from recovering any medical expenses from the driver and/or owner of the at-fault motor vehicle that caused the November 15, 2019, collision in which MILLER was seriously injured.

16. The PLAN, sponsored by YANFENG and administered by BLUE CROSS, contains a purported provision requiring MILLER, or those pursuing a legal claim on her behalf, to reimburse the PLAN for any expenses which the PLAN paid to or on behalf of MILLER for any and all November 15, 2019 motor vehicle collision related care and/or treatment expenses out of any legal or other recovery made by or on behalf of MILLER. The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due notwithstanding the inability of MILLER, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to the limitations imposed by the Michigan No-Fault Act, specifically MCL 500.3135.

17. The PLAN, sponsored by YANFENG and/or BLUE CROSS, also allegedly

5

contains a purported provision giving the PLAN the right of subrogation with respect to any expenses which the PLAN paid to or on behalf of MILLER related to the care and/or treatment of her November 15, 2019 motor vehicle collision related injuries, from any legal or other recovery made by or on behalf of MILLER. The purported reimbursement provision is allegedly without qualification and reimbursement is allegedly due notwithstanding the inability of MILLER, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action, due to limitations imposed by the Michigan No-Fault Act. MCL 500.3135.

18. The PLAN, sponsored by YANFENG and administered by BLUE CROSS, is silent with respect to any provision expressly creating a "lien" with regard to any claimed overpayment of motor vehicle collision related medical expenses.

19. At all material times, BLUE CROSS and/or YANFENG knew that the relevant PLAN did not create a valid and/or enforceable "lien" against a Michigan No-Fault third-party recovery.

20. At all material times, BLUE CROSS and/or YANFENG knew that the PLAN did not have a valid and/or enforceable claim for reimbursement of medical expenses against a third-party automobile negligence settlement governed by the Michigan No-Fault Act.

21. At this time, unpaid November 15, 2019, motor vehicle collision related medical expense benefits, as well as additional unpaid personal injury protection benefits including, but not limited to, wage loss and replacement services benefits are due and owing to the Plaintiff by AAA.

### COUNT I
### DECLARATION OF RIGHTS UNDER ERISA
### AND MICHIGAN NO-FAULT ACT

22. Plaintiff restates all of the previous allegations as incorporated herein.

23. The terms of the PLAN sponsored by YANFENG and administered by BLUE CROSS appears to be conflicting and ambiguous with respect to the duty of the Plan, to pay benefits in the context of a Michigan motor vehicle collision, but resolution of the ambiguity will not result in a valid claim for reimbursement against the plaintiff's third-party automobile negligence recovery.

24. To the extent that there is any other source of fund against which the PLAN may seek subrogation or reimbursement, it is the AAA's PIP policy, which provides coverage for all medical expenses arising from the November 15, 2019, motor vehicle collision.

25. If the "coordination of benefits" language of the Plan, sponsored by YANFENG and administered by BLUE CROSS, is enforceable, as initially determined by the administrators of the PLAN, then the PLAN, remains

7

primary in priority and AAA and FALLS LAKE is secondary in priority.

26. If the Plan, sponsored by YANFENG and administered by BLUE CROSS, provisions regarding reimbursement/subrogation take precedence, essentially nullifying the "coordination of benefits" terms, then the Plan may have a right of reimbursement against AAA and FALLS LAKE.

27. To the extent that the PLAN, sponsored by YANFENG administrated by BLUE CROSS, has any valid claims of reimbursement for the November 15, 2019, motor vehicle collision related medical expenses against the Plaintiff's third-party recovery, then those expenses were not really payable by the Plan, sponsored by YANFENG and administrated by BLUE CROSS, thus AAA and FALLS LAKE must be deemed primary with respect to payment MILLER's medical claims.

28. Under no circumstances is the Plaintiff, MILLER liable for payment of medical expenses out of any third-party tort recovery, as the Michigan No-Fault Act prohibits a third party tort recovery of medical expenses.

29. Therefore, either the PLAN sponsored by YANFENG and administrated by BLUE CROSS, or the AAA and/or FALLS LAKE PIP automobile policies, are responsible for paying November 15, 2019, motor vehicle collision related medical expenses incurred by MILLER. Thus, it would be appropriate for the Court to declare respective rights of the parties in this

regard.

**WHEREFORE**, Plaintiff requests this Honorable Court to declare the rights of the parties regarding Defendants' obligation to pay Plaintiff's November 15, 2019, motor vehicle collision related benefits and determine the priority of coverage under the terms of the PLAN, sponsored by YANFENG administrated by BLUE CROSS, the AAA and FALLS LAKE auto policies, ERISA and the Michigan No-Fault Act.

## COUNT II
## INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

30. Plaintiff restates all of the previous allegations as incorporated herein.

31. The PLAN, sponsored by YANFENG and administrated by BLUE CROSS, does not have a valid right of reimbursement, right of subrogation or lien of any kind against Plaintiff or his third-party tort claim, arising from the November 15, 2019 motor vehicle collision.

32. The Plaintiff is a beneficiary of the PLAN, sponsored by YANFENG and administrated by BLUE CROSS, and is entitled to seek injunctive relief under §502(a)(3) of ERISA to prevent any further wrongful attempts to collect the reimbursement debt allegedly owed to the PLAN, sponsored by YANFENG and administrated by BLUE CROSS.

33. Therefore, it would be appropriate and equitable for this Court to enjoin the PLAN, sponsored by YANFENG and administrated by BLUE CROSS, and

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

its contractors and subcontractors, from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff.

## COUNT III
## NO FAULT BREACH OF CONTRACT CLAIM

36. Plaintiff restates all of the previous allegations as incorporated herein.

37. Defendants, AAA and FALLS LAKE, have a statutory duty that covers Plaintiff, MILLER, under the terms of Public Act No. 294 of the Public Acts of 1972, being commonly known as the Michigan No-Fault Law.

38. As a result of the aforementioned automobile accident, the Plaintiff, MILLER, incurred reasonable and necessary expenses as provided for in the Michigan No-Fault Act, M.C.L.A. 500.3101, et seq.

39. Pursuant to the appropriate statutes, the Plaintiff, MILLER, made application to the Defendants, AAA and FALLS LAKE, through its employees and agents, for payments of the no-fault benefits. That numerous telephone calls and letters were sent to the Defendant for payment of the no-fault benefits specifically provided for under the Michigan No-Fault Law, as well as for

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

payment of the ERISA lien described previously in this Complaint. That said requests for payment were made and verified.

40. The Defendants, AAA and FALLS LAKE, have BREACHED THE CONTRACT and/or ITS STATUTORY DUTY, by neglecting and refusing to pay the no-fault benefits and/or the ERISA lien now due and owing to the Plaintiff, MILLER, although said payments have been repeatedly demanded from Defendant, AAA.

41. Pursuant to MCR 2.113(F)(1)(b), as the Defendants, AAA and FALLS LAKE, are in possession of their own terms and conditions, the policy of automobile insurance referred to in this Complaint need not be attached.

**WHEREFORE**, Plaintiff requests this Honorable Court grant a permanent injunction against Defendants, prohibit them or their agents, subcontractors or anyone else from making any further attempts to collect the alleged reimbursement debt from the Plaintiff, and to Order payment of the ERISA lien by one or more of the Defendants.

DATED: August 4, 2020

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.

By: /s/ Jeffrey A. Bussell____
Jeffrey A. Bussell (P65353)
Attorneys for Plaintiff